UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ROGELIO ROQUE,                                )
                                              )
    Plaintiff,                                )
                                              )
vs.                                           )
                                              )
SHARAZAD, LLC;                                )
GLOBAL POWER EQUITY LLC;                      )
110 NW 5TH AVENUE, LLC;                       )
and GERALD SHVARTSMAN,                        )
                                              )
    Defendants.                               )
_____/

# **C O M P L A I N T**

COMES NOW, the Plaintiff, ROGELIO ROQUE (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues SHARAZAD, LLC, GLOBAL POWER EQUITY LLC, 110 NW 5TH AVENUE, LLC, and GERALD SHVARTSMAN (hereinafter collectively referred to as "Defendants"), and alleges:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, ROGELIO ROQUE, is a resident of the State of Florida and was an employee of the Defendants during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, ROGELIO ROQUE, worked for the Defendants performing duties assigned to him by the Defendants at their property locations in and around the Miami, Florida, area.

6. At all times material herein, Plaintiff was an employee of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, SHARAZAD, LLC, is a Florida for-profit limited liability company duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, operating and/or managing property and providing property management services.

8. Defendant, GLOBAL POWER EQUITY LLC, is a Florida for-profit limited liability company duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, operating and/or managing property and providing property management services.

9. Defendant, 110 NW 5TH AVENUE, LLC, is a Florida for-profit limited liability company duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, operating and/or managing property and providing property management services.

10. Defendant, GERALD SHVARTSMAN, is a resident of the State of Florida and is the owner, operator, manager, managing member, officer, director, and/or is otherwise a management employee of SHARAZAD, LLC, GLOBAL POWER EQUITY LLC, and 110 NW 5TH AVENUE, LLC.

11. Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

12. The Defendant, SHARAZAD, LLC (hereinafter referred to as "SHARAZAD"), is an employer and enterprise engaged in interstate commerce.

13. The Defendant, GLOBAL POWER EQUITY LLC (hereinafter referred to as "GLOBAL"), is an employer and enterprise engaged in interstate commerce.

14. The Defendant, 110 NW 5TH AVENUE, LLC (hereinafter referred to as "110 NORTHWEST"), is an employer and enterprise engaged in interstate commerce.

15. The Defendant, GERALD SHVARTSMAN, is an employer and enterprise engaged in interstate commerce.

16. Based on information and belief, the Defendants' principal place of business for SHARAZAD, GLOBAL, and 110 NORTHWEST is 11451 NW 36th Avenue, Miami, Florida 33167.

17. The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

18. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

19. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

20. The Defendant, SHARAZAD, has annual revenue of at least five hundred thousand dollars ($500,000.00).

21. The Defendant, GLOBAL, has annual revenue of at least five hundred thousand dollars ($500,000.00).

22. The Defendant, 110 NORTHWEST, has annual revenue of at least five hundred thousand dollars ($500,000.00).

23. The Defendant, GERALD SHVARTSMAN, has annual revenue of at least five hundred thousand dollars ($500,000.00).

24. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

25. The Defendants control the day to day operations of their property management company(ies) and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, and other business operations.

26. Defendants supervise the operations of their property management company(ies) including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

27. The Defendants hired Plaintiff in or about April 2012.  The Plaintiff worked for the Defendants through, at least, August 2016.

28. At all times material herein, the Defendants, each and jointly, controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff.  The Defendants each were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the

number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

29. During his employment with the Defendants, the Defendants misclassified the Plaintiff as an independent contractor.

30. At all times during the period Plaintiff worked for the Defendants, the Defendants exercised control over him.

31. At all times during the period Plaintiff worked for the Defendants, the Plaintiff had virtually no opportunity for profit.

32. At all times during the period Plaintiff worked for the Defendants, the relationship with the parties was permanent in nature.

33. At all times during the period Plaintiff worked for the Defendants, the Plaintiff was economically dependent on the Defendants.

34. At all times during the period Plaintiff worked for the Defendants, the Plaintiff's job duties performed were an integral part of the Defendants' company(ies).

35. The Plaintiff was a "non-exempt" employee of the Defendants.

36. The Plaintiff was an hourly employee.

37. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

38. The Defendants suffered and permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendants.

39. On at least one occasion, the Defendants improperly deducted money from the Plaintiff's wages for what the Defendants deemed as inadequate supervision of a job on one of their properties.

40. The Defendants also threatened to deduct money from the Plaintiff's wages if he did not remove tenants' property that violated the terms of said tenants' lease agreements or property rules.

41. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

42. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

43. The Defendants have failed to pay and/or have delayed in paying the Plaintiff the wages earned during his last full pay period in addition to hours worked on or about August 1, 2016.

44. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

45. The Defendants are each and jointly involved with paying the Plaintiff.

46. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

47. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

48. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

49. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

50. The Defendants hired Plaintiff in or about April 2012 to work for them at/on their properties in and around the Miami, Florida area.

51. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of his job including, but not limited to, performing property management, carpentry, maintenance, general construction, leasing, and eviction enforcement duties for the Defendants.

52. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

53. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA on at least one occasion.

54. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

55. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

56. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

57. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

58. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

59. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

60. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

  C. Award Plaintiff an equal amount in liquidated damages;

  D. Award Plaintiff reasonable attorney's fees and costs of suit; and

  E. Grant such other and further relief as this Court deems equitable and just.

  F. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

61. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-eight (48) above as if fully set forth herein.

62. The Defendants hired Plaintiff in or about April 2012 to work for them at/on their properties in and around the Miami, Florida area.

63. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of his job including, but not limited to, performing property management, carpentry, maintenance, general construction, leasing, and eviction enforcement duties for the Defendants.

64. On average, the Plaintiff worked over forty (40) hours in a work week for the Defendants.

65. The Plaintiff estimates, that in many weeks during his employment with the Defendants, he worked at least sixty (60) hours in a work week.

66. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

67. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

68. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in a work-week.

69. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

70. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

71. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

72. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

73. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

74. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

75. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

76. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

    B.    Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

    C.    Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just.

    F.    Plaintiff demands a trial by jury.

<u>COUNT III – VIOLATION OF 26 U.S.C. § 7434</u>

77. Plaintiff re-alleges and incorporates Paragraphs one (1) through forty-eight (48) above as if fully set forth herein.

78. The Defendants each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

79. The Defendants served/filed or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, and 2015 calendar years by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee, and then failing to properly identify him as an employee and pay the required employment taxes on his behalf.

80. The Defendants served/filed or caused to be served/filed knowingly false IRS Form 941 quarterly tax returns for all four quarters of 2013, 2014, and 2015, for the first and second quarters of 2016, and possibly the third quarter of 2016 by misclassifying Plaintiff as an independent contractor when Plaintiff clearly was an employee and then failing to properly identify him as an employee and pay the required employment taxes on his behalf.

81. The Defendants provided paychecks to Plaintiff and are directly responsible for the issuance of paychecks to Plaintiff, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

82. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the overpayment of taxes as an independent contractor, the failure to receive the require contribution to his taxes by his employers, the lack of a contribution to social security, and the like, as a result of Defendants' intentional and willful acts as described above.

83. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

    **(a) In general**

        If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

    **(b) Damages**

        In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

1. any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

2. the costs of the action, and

3. in the court's discretion, reasonable attorneys' fees.

**WHEREFORE** Plaintiff, ROGELIO ROQUE, demands the entry of a judgment in his favor and against Defendants after trial by jury and as follows:

    A.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by Defendant for each year during the past six (6) years or the damages proximately caused by Defendant's conduct for each year during the past six (6) years;

    B.    That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    C.    That Plaintiff recover all interest allowed by law; and

    D.    Such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 20th day of September, 2016.

                          Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
TYLER L. GRAY, ESQ.
FL Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*