# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 1:16-cv-24025-JAL

| | |
|---|---|
| ROGELIO ROQUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHARAZAD, LLC; | ) |
| GLOBAL POWER EQUITY LLC; | ) |
| 110 NW 5TH AVENUE, LLC; | ) |
| and GERALD SHVARTSMAN, | ) |
| | ) |
| Defendants. | ) |
| _____/ | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## AND COUNTERCLAIM

COMES NOW, Defendant, GLOBAL POWER EQUITY, LLC, (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure, and files this Answer and Affirmatives Defenses and Counterclaim in response to the corresponding numbered paragraphs of Plaintiff's, ROGELIO ROQUE (herein after referred to as "Plaintiff"), Complaint and state as follows:

## JURISDICTION AND VENUE[1]

1.       Admitted that the Court generally has jurisdiction over the actions reference, provided the necessary jurisdictional thresholds are met.  Denied that such thresholds exist in this case.  Otherwise denied.

---

[1]       Plaintiff's failure to break out allegations as against each Defendant separately in each paragraph has made responding difficult.  Defendant(s) have nevertheless attempted to do so with the responsive pleading and others.

2.      Admitted that the Court generally has jurisdiction over the actions reference, provided the necessary jurisdictional thresholds are met.  Denied that such thresholds exist in this case.  Otherwise denied.

3.      To the extent it is determined that the Court has jurisdiction in this instance, admitted that venue would be proper.

<u>PARTIES</u>

4.      Admitted that Plaintiff is a resident of the State of Florida. Remaining allegations are denied.

5.      Admitted that Plaintiff performed certain work for Defendant.   Remaining allegations are denied.

6.      Denied.

7.      Admitted that Defendant, Sharazad, LLC, is a Florida for profit limited liability company organized under the State of Florida.  Remaining allegations are denied.

8.      Admitted that Defendant, Global Power Equity, LLC, is a Florida for profit limited liability company organized under the State of Florida.  Remaining allegations are denied.

9.       Admitted that Defendant, 110 NW 5th Avenue, LLC, is a Florida for profit limited liability company organized under the State of Florida.  Remaining allegations are denied.

10.      Admitted that Defendant, Gerald Shvartsman, is a resident of the State of Florida and a managing member of Sharazad, LLC, of Global Power Equity, LLC, and of 110 NW 5th Avenue, LLC.  Remaining allegations are denied.

11.      Denied.

<u>FACTUAL ALLEGATIONS</u>

12.      Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Admitted that the principal place of business for Defendants, Sharazad, LLC, Global Power Equity, LLC, and 110 NW 5th Avenue, LLC, is 11451 NW 36th Avenue, Miami, Florida 33167. Remaining allegations are denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Admitted that annual revenue of the Defendants, when combined in certain years, may exceed $500,000.00.  However, denied that applicable revenue of the Defendants should be combined for any given year or for all years in question under the circumstances.  In addition thereto and not in limitation thereof, revenue of Defendant, Shvartsman, should not be considered under the circumstances.  Remaining allegations are denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Admitted that Plaintiff did not profit from the businesses of specific Defendants other than through amounts paid.  Remaining allegations are denied.

32.     Denied,

33.     Defendant lacks sufficient knowledge to admit or deny the allegations contained herein and same are accordingly denied.

34.     Denied.

35.     Denied that the Plaintiff was an employee.  Remaining allegations denied.

36.     Denied that the Plaintiff was an employee.  Remaining allegations denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     The FLSA speaks for itself. Remaining allegations are denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Admitted that certain records are within the possession of Defendant(s).  Remaining allegations are denied.

47.     Denied.

48.     Defendant lacks sufficient knowledge to admit or deny these allegations and same are accordingly denied.

49.     Previously asserted responses as set forth to paragraphs 1 through 48 are reasserted as if fully set forth herein.

50.     Denied.

51.     Denied that Plaintiff was an "employee" of Defendant.  Remaining allegations are denied.

52.     Defendant states that Paragraph 52 of Plaintiff's Complaint is a legal conclusion requiring neither an admission nor denial.  To the extent a response is required, the FLSA speaks for itself and any remaining allegations are denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Allegations as to Defendants actions are denied.  As to Plaintiff's having to retain counsel, Defendant lacks sufficient knowledge to admit or deny same and such is accordingly denied.  Remaining allegations denied.

60.     Denied.

FURTHER, it is denied that the relief sought in Plaintiffs' Prayer For Relief Count I or any other relief is appropriate.

<u>COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA</u>

61.     Previously asserted responses as set forth to paragraphs 1 through 48 are reasserted as if fully set forth herein.

62.     Denied.

63.     Denied that Plaintiff was an "employee" of Defendant.  Remaining allegations are denied.

64.     Denied.

65.     Denied.

66.     Defendant states that Paragraph 66 of Plaintiff's Complaint is a legal conclusion requiring neither an admission nor denial.  To the extent a response is required, the FLSA speaks for itself and any remaining allegations are denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Allegations as to Defendants actions are denied.  As to Plaintiff's having to retain counsel, Defendant lacks sufficient knowledge to admit or deny same and such is accordingly denied.  Remaining allegations denied.

76.     Denied.

FURTHER, it is denied that the relief sought in Plaintiffs' Prayer For Relief Count II or any other relief is appropriate.

## COUNT III – VIOLATION OF 26 U.S.C. § 7434

77.     Previously asserted responses as set forth to paragraphs 1 through 48 are reasserted as if fully set forth herein.

78.     Admitted that Defendant had an obligation to provide information as legally required to the Internal Revenue Service (IRS).  Remaining allegations are denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Defendant states that Paragraph 83 of Plaintiff's Complaint is a legal conclusion requiring neither an admission nor denial.  To the extent a response is required, Section 7434 of 26 U.S. C. speaks for itself.  Remaining allegations are denied.

FURTHER, it is denied that the relief sought in Plaintiffs' Prayer For Relief Count III or any other relief is appropriate.

## **AFFIRMATIVE DEFENSES**

The following Affirmative Defenses are directed to all allegations and counts of the Complaint unless otherwise indicated.

AFFIRMATIVE DEFENSE. Plaintiff has failed to make any attempt to resolve the issues in dispute before he resorted to litigation.  Such should limit recovery or entitlement to attorney's fees as and to the fullest extent permitted by law.

AFFIRMATIVE DEFENSE. Plaintiff fails to state a claim arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, upon which relief can be granted.

AFFIRMATIVE DEFENSE. The Defendant is not an enterprise engaged in commerce or in the production of goods for commerce, in accordance with or consistent with the FLSA. Such results in a lack of enterprise liability, a lack of jurisdiction over these claims, or the denial of recovery of any amounts sought by Plaintiff.

AFFIRMATIVE DEFENSE. For all of, or some of, the years in question, Defendant did not have an annual sales volume of at least $500,000.00, exclusive of excise taxes, in accordance with or consistent with the FLSA, and any attempt to aggregate amounts of the various Defendant(s) in this instance should be rejected under the circumstances.  Such results in a lack of jurisdiction over these claims or the denial of recovery of any amounts sought by Plaintiff.

AFFIRMATIVE DEFENSE. Although Defendant denies that Plaintiff has suffered any damages, if it is determined that Plaintiff has suffered damages, Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his damages.

AFFIRMATIVE DEFENSE. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, as Plaintiff conveniently refused to pick up his check, as he regularly used to do when performing services for Defendant(s), for the last period of work to then bring claims of unpaid minimum wages when any due minimum wages were timely made available to Plaintiff.

AFFIRMATIVE DEFENSE.  Defendant is entitled to a set-off for any and all damages incurred by it at the hands of Plaintiff.  In that regard, and without necessarily limitation, Plaintiff was negligent in the performance of duties owed by Plaintiff to Defendant, such negligence being the proximate cause of resulting damages suffered by Defendant.

<u>AFFIRMATIVE DEFENSE</u>. Some or all of Plaintiff's claims are barred by the two-year Statute of Limitations under the Portal to Portal Act. Defendant has not willfully violated the FLSA, 29 U.S.C. §201 *et seq.* and therefore the two-year Statute of Limitations is applicable, not the three-year Statute, per 29 U.S.C. § 255(a).  Furthermore, Defendant's conduct at all times has been in good faith and based upon reasonable grounds for believing that none of the conduct alleged by Plaintiff was in violation of the FLSA. Defendant did not know, or show reckless disregard for, whether its conduct was prohibited by the FLSA, thus mandating application of a two year limitations period, as opposed to a three year limitations period.

<u>AFFIRMATIVE DEFENSE</u>. Defendant has acted in good faith and has reasonable grounds for believing that its actions were not a violation of the FLSA, and therefore Plaintiff is not entitled to liquidated damages under Section 11 of the Portal to Portal Act, 29 U.S.C. §260.

<u>AFFIRMATIVE DEFENSE</u>. Defendant states it has made a good faith effort to comply with all aspects of the FLSA and regulations and opinions promulgated and issued thereunder and in good faith are relying on regulations, interpretive bulletins and opinions issued by the Department of Labor. Defendant has not intentionally nor willfully violated the FLSA. The alleged cause of action is barred by Sections 9 and 10 of the Portal to Portal Act, 29 U.S.C. §258 and §259.

<u>AFFIRMATIVE DEFENSE</u>. If Defendant is found not to be in compliance, then the rules and regulations and opinions adopted and issued by the Department of Labor interpreting and enforcing the FLSA are written in such a manner that full technical compliance is impossible, or are so vague, ambiguous and inconsistent that they are not subject to uniform compliance and enforcement.

AFFIRMATIVE DEFENSE. Defendant has tendered and/or paid all monies owed to Plaintiff in accordance with all applicable laws, including but not limited to all overtime and minimum wages which may be due under the FLSA.

AFFIRMATIVE DEFENSE. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

AFFIRMATIVE DEFENSE. Plaintiff's claims are barred in whole or in part due to the de minimus doctrine recognized under the FLSA.

AFFIRMATIVE DEFENSE. To the extent Plaintiff was entitled to overtime wages or minimum wages under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for overtime wages and minimum wages are barred in whole or in part due to Plaintiff's failure to accurately record the number of hours he worked.  Alternatively, Defendant is entitled to a set-off for any such improperly recorded hours.

AFFIRMATIVE DEFENSE. To the extent Plaintiff was entitled to overtime wages or minimum wages under the FLSA and the regulations promulgated thereunder, Plaintiff's claims for overtime wages and minimum wages are barred in whole or in part because Defendant did not have actual or constructive knowledge that Plaintiff was working the hours he claims, including any overtime hours.

AFFIRMATIVE DEFENSE. To the extent that Plaintiff obtains any recovery based on his FLSA claims, Plaintiff is nevertheless not entitled to an award of costs and attorney's fees based on the authority of *Goss v. Killian Oaks House of Learning,* 248 F. Supp. 2d 1162 (S.D. Fla. 2003) ("[A]n entitlement to attorney's fees cannot be a *carte blanche* license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction. [citation omitted] Furthermore,

courts in this jurisdiction may award attorney's fees under the FLSA to prevailing defendants upon a finding that the plaintiff litigated in bad faith.").

AFFIRMATIVE DEFENSE. Plaintiff performed services on an independent contractor basis, and thus there is no coverage under the FLSA.

AFFIRMATIVE DEFENSE. Plaintiff worked for another company at material times, and not for Defendant. Plaintiff was paid by that other company. Any hours Plaintiff worked and the payment for which would have been the responsibility of Defendant, or even Defendants in the aggregate, did not exceed 40 hours per week, and Plaintiff was paid at a normal hourly rate for all time worked.

AFFIRMATIVE DEFENSE. Fed. R. Civ. P. 9 (c) provides that the occurrence of performance of conditions precedent must at least be generally alleged by Plaintiff. Plaintiff has failed to allege such conditions precedent. Under such circumstances, as and to the extent conditions precedent apply under any of the claims alleged, a failure to plead them (or subsequently establish) mandates dismissal or a lack of right to recovery on the part of Plaintiff.

AFFIRMATIVE DEFENSE. As and to the fullest extent Plaintiff's claims require the exhaustion of administrative remedies, or the performance of conditions precedent, Plaintiff has not exhausted such remedies or performed such conditions.

AFFIRMATIVE DEFENSE. Defendant states that Plaintiff was at all times compensated in excess of minimum wage as well as any overtime wage which have been owed to Plaintiff. These claims should be dismissed as and to the fullest extent Plaintiff is using the Court system to perpetuate a fraud upon the court at the expense of Defendant in this cause of action.

AFFIRMATIVE DEFENSE. While Plaintiff is clearly trying to aggregate revenue of the various Defendants in this case, doing so has made differentiating liability difficult in terms of a

responsive pleading, and Plaintiff has failed to delineate specific liability of each Defendant under terms of the FLSA.  Dismissal or denial of recovery is accordingly appropriate.

AFFIRMATIVE DEFENSE.  Regarding Count III of the Complaint, any incorrect 941 Tax filings did not rise to the level of willful on the part of Defendant and as is required for liability under Section 7434 of 26 U.S.C.

AFFIRMATIVE DEFENSE.  Regarding Count III, the tax returns filed were not fraudulent, and Plaintiff has failed to plead such fraud with the level of particularity required by Fed. R. Civ. P. 9.  Such mandates dismissal or denial of recovery.

AFFIRMATIVE DEFENSE.  Regarding Count III, Defendant's alleged conduct did not rise to the level necessary to justify an award of attorney's fees.

AFFIRMATIVE DEFENSE.  Regarding Count III, Plaintiff seeks damages for 6 years of filings, but then only mentions 2013 forward within the allegations of the Complaint.  Recovery is limited to the years for allegedly wrongful submission.

AFFIRMATIVE DEFENSE.  Regarding Count III, as and to the fullest extent any alleged recovery is sought for a period of time barred by applicable statutes of limitation, such recovery is barred.

## RESERVATION OF PLEADING ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to assert additional affirmative defenses as and to the fullest extent otherwise permitted by law or order of this Court, or which may be learned or disclosed through the discovery process.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendant is entitled to an award of costs and attorney's fees incurred in defense of Plaintiff's FLSA claims as and to the fullest extent that such claims have been brought in bad faith

under the circumstances. *See, e.g., Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985), and *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428 (11th Cir. 1998) ("this court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith.")

WHEREFORE, the Defendant prays that this Complaint be dismissed with prejudice or that judgment be entered on behalf of Defendant and that costs and attorneys' fees be awarded to Defendant.

## COUNTERCLAIM

COMES NOW Defendant/Counterclaim-Plaintiff, GLOBAL POWER EQUITY, LLC, (hereinafter referred to as "Global"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby file its Counterclaim against Plaintiff/Counterclaim-Defendant, ROGELIO ROQUE ("Roque"), for damages, and states:

## JURISDICTION, PARTIES, AND VENUE

1.      Pursuant to *28 U.S.C. §1367*, this Court has jurisdiction to hear the matters raised herein.

2.      Any and all conditions precedent to the bringing of this action have occurred, been performed, or been waived.

3.      As an independent contractor, Defendant, Roque, performed certain tasks for Global from time to time.

4.      The tasks performed included, without necessarily limitation, certain maintenance and performance of repairs certain property owned by Global.

5.      In connection therewith, Global made available to Defendant, various tools (the "Tools") for the purpose of facilitating the performance of such tasks when performed.

## **COUNT I – CONVERSION**

6.      Global incorporates by this reference and re-alleges as if alleged in full herein the allegations in paragraphs 1 through 5 above.

7.      Global's Tools are worth more than $5,000.00.

8.      Defendant is in possession of Global's Tools.

9.      Despite demand and an obligation to do so, Defendant has refused to return or to pay for the total value of the Tools.

10.     Defendant has retained Global's Tools permanently or, alternatively, for an indefinite time without any legal right to do so and without Global authorization and consent.

11.     Global has a right to possess the Tools without Defendant's intentional and wrongful interference.

12.     By these actions, Defendant has converted the Tools to his own use and benefit.

13.     Global has made demands for payment and / or recovery of the Tools, to no avail.

14.     The circumstances are such that it would be inequitable for the Defendant to retain the Tools, which amounts in value of over $5,000.00 without paying Global fair value for the Tools.

15.     Global has been and continue to be damaged by Defendant's acts, and a result of said acts, Global has suffered, including, but not limited to, loss of the total value of the Tools and loss to all the benefits that can be derived from their use.

**WHEREFORE**, Defendant and Counterclaim Plaintiff, GLOBAL POWER EQUITY, LLC, requests that this Honorable Court render a judgment for Global in excess of $5,000.00 and against Defendant, ROGELIO ROQUE, or for the fair market value of Global's Tools, as well as

for interest, costs, and for any additional relief as the Court deems just and proper under the circumstances.

## COUNT II - NEGLIGENCE

16.     Global incorporates by this reference and re-alleges as if alleged in full herein the allegations in paragraphs 1 through 5 above.

17.     Defendant, Roque, performed certain tasks for Global from time to time.

18.     Throughout the course of performing such tasks, Defendant Roque owed a duty of reasonable care to Global.

19.     Defendant was negligent in the performance of tasks he was to perform and breached the duty of reasonable care owed by him in connection therewith through, without limitation, the following: (a) not properly performing his duties at Global's property, (b) not properly disposing of food from store appliances located within Global's property, which damaged such appliances, (c) failing to properly oversee renovations being done at Global's property, (d) failing to lock doors and secure the property before leaving Global's property, resulting in one instance in a break-in and the theft of Global's property, and / or (e) failure to properly account for purchases for which Global was ultimately responsible.

20.     Global has been damaged as a direct and proximate result of Defendant's negligence.  Such damages include, but are not necessarily limited to, the following: (a) Global has been required to expend and will be required to expend sums of money to repair all of the damages caused by Defendant to, without necessarily limitation, doors and walls of Global's property, (b) Global has been forced to replace all of the various tools that were stolen from Global's property as a result of Defendant's negligence of leaving Global's property unlocked and unsecured, (c) Global has had to pay for repairs and corrections of undertaken tasks which were

not properly handled, and (d) Global was forced to replace store appliances that were thrown away for Defendant's failure to properly perform his job responsibilities.

21.     Such damages exceed the amount of $10,000.00, exclusive of interest, costs, and attorney's fees.

**WHEREFORE**, Defendant and Counterclaim Plaintiff, GLOBAL POWER EQUITY, LLC, request that this Honorable Court render a judgment for the Plaintiff, and against Defendant, ROGELIO ROQUE, as well as for interest, costs, and for any further additional relief as the Court deems just and proper under the circumstances.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this <u>31st</u> day of October, 2016, I electronically filed the foregoing <u>Answer and Affirmative Defenses and Counterclaim</u> with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic.

/s/ *Andrew M. Feldman*
Andrew M. Feldman, Esquire
Florida Bar No.: 161969
**FELDMAN LAW**
*ATTORNEY FOR DEFENDANTS*
7700 N. Kendall Drive, Ste. 809
Miami, FL 33156
Telephone: (305) 445-2005
Facsimile: (305) 445-2889
Primary eMail: AFeldman@FeldmanLawOffices.com
Secondary eMail: KBruce@FeldmanLawOffices.com

## SERVICE LIST

**CASE NO.: 1:16-cv-24025-JAL**

| | |
|---|---|
| Andrew M. Feldman, Esquire<br>Florida Bar No.: 161969<br>FELDMAN LAW<br>*ATTORNEY FOR DEFENDANT*<br>7700 N. Kendall Drive, Ste. 809<br>Miami, Florida 33156<br>Telephone:  (305) 445-2005<br>Facsimile:  (305) 445-2889<br>Primary eMail: AFeldman@FeldmanLawOffices.com<br>Secondary eMail: KBruce@FeldmanLawOffices.com | Jeremiah J. Talbott, Esquire<br>Florida Bar No.: 0154784<br>Tyler L. Gray, Esquire<br>Florida Bar No.: 0059738<br>LAW OFFICE OF JEREMIAH J. TALBOTT, P.A.<br>*ATTORNEYS FOR PLAINTIFF*<br>900 E. Moreno Street<br>Pensacola, Florida 32503<br>Telephone: (850) 437-9600<br>Facsimile: (850) 437-0906<br>Primary eMail: jjtalbott@talbottlawfirm.com<br>Secondary eMail: civilfilings@talbottlawfirm.com |